UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DIBBLE, | No. 2:16-cv-0026 CKD P |
| Petitioner, | |
| v. | <u>ORDER</u> |
| STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner is a California prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to have all matters in this action before a United States Magistrate Judge.  <u>See</u> 28 U.S.C. § 636(c).

Petitioner requests leave to proceed in forma pauperis.  Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  <u>See</u> 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.

Petitioner asserts he has been ordered to serve a sentence of imprisonment in the California Department of Corrections.  However, because of a change in state law, he is serving the remainder of his sentence in the Sacramento County Jail.  He complains that he is not able to

1

earn the same amount of good conduct sentence credits at the Sacramento County Jail as he could in a CDCR facility. There are two problems with petitioner's claim. First, petitioner does not have a right arising under federal law to earn good conduct sentence credits and he fails to allege facts suggesting any of the federal rights he does have are being violated. Second, petitioner fails to present a claim upon which this court can grant habeas relief because he challenges neither the fact that he is confined nor the actual duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In light of the foregoing, this action will be summarily dismissed.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. Petitioner's petition for writ of habeas corpus is summarily dismissed;

3. This case is closed; and

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: February 29, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
dibb0609.100

---

[1] To the extent plaintiff seeks to challenge conditions of his confinement, and has a basis to do so under the Constitution or other federal law, he could file a complaint under 42 U.S.C. § 1983. Plaintiff is cautioned however, that if he initiates a § 1983 action, he will have to pay the $350 filing fee, although he will be allowed to pay it in installments.